UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHANIEL RICARDO HAYNES,

        Petitioner,

v.                                CASE NO. 09-12123
                                  HONORABLE JOHN CORBETT O'MEARA

LLOYD RAPELJE,

        Respondent.
_____/

## ORDER DISMISSING THE HABEAS PETITION WITHOUT PREJUDICE AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

Petitioner Nathaniel Ricardo Haynes has filed a *pro se* habeas corpus petition challenging his plea-based conviction for second-degree murder. Respondent argues in a motion to dismiss the petition that Petitioner failed to exhaust state remedies for his claim. The Court agrees. Accordingly, Respondent's motion is granted, and the habeas petition is dismissed without prejudice.

**I. Background**

Petitioner was charged in Wayne County, Michigan with first-degree murder. On March 14, 2007, he pleaded guilty to second-degree murder, MICH. COMP. LAWS § 750.317, and on April 16, 2007, the trial court sentenced Petitioner to imprisonment for fifteen to twenty-five years. Although the trial court appointed appellate counsel for Petitioner, the record indicates that Petitioner and his attorney disagreed on how to pursue the appeal. The appellate attorney moved to withdraw as counsel, and Petitioner filed a *pro se* motion to withdraw his guilty plea on the grounds that his statement to the police was involuntary and his trial attorney provided

ineffective assistance. The trial court denied Petitioner's motion after concluding that there was no merit in his arguments.

Petitioner argued in a *pro se* application for leave to appeal that his guilty plea was not knowingly made and that the trial court should have conducted a hearing to determine whether he was competent to waive his constitutional rights. The application was untimely under the Michigan Court Rules, and on June 18, 2008, the Court of Appeals dismissed Petitioner's application for lack of jurisdiction. *See People v. Hayes*, No. 285424 (Mich. Ct. App. June 18, 2008). In an appeal to the Michigan Supreme Court, Petitioner maintained that the Court of Appeals erroneously dismissed his appeal. The state supreme court denied leave to appeal on October 27, 2008, because it was not persuaded to review the issue. *See People v. Haynes*, 482 Mich. 1036; 757 N.W.2d 97 (2008) (table).

On June 2, 2009, Petitioner filed his habeas corpus petition pursuant to 28 U.S.C. § 2254. The ground for relief reads:

> Petitioner's current plea is involuntary and not of full understanding. This were (sic) the trial court failed to hold the proper hearing to determine whether Petitioner was competent to waive his constitutional rights where a plea was accepted. The Michigan Court of Appeals was also in error by denying Petitioner's appeal as untimely. By doing so not acknowledging the merits of the constitutional issues presented. U.S. Const Am VI, and XIV,

**II. Discussion**

The doctrine of exhaustion of state remedies requires state prisoners to present their claims to the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan*, 526 U.S. at 842. The

exhaustion requirement is satisfied if a prisoner invokes "one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court "when that review is part of the ordinary appellate review procedure in the State." *Id.* at 845, 847.  This means that the applicant must present each ground for relief to the state court of appeals and to the state supreme court before seeking federal habeas corpus relief. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).  "Although the exhaustion doctrine is not a jurisdictional matter, *Rockwell v. Yukins*, 217 F.3d 421, 423 (6th Cir. 2000), it is a threshold question that must be resolved before [courts] reach the merits of any claim."  *Wagner,* 581 F.3d at 415.  Furthermore, the petitioner bears the burden of showing that state-court remedies have been exhausted.  *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

       Petitioner attempted to challenge the voluntariness of his guilty plea in state court, but the Michigan Court of Appeals dismissed his application for lack of jurisdiction because the application was untimely.  Petitioner did not comply with the exhaustion requirement by timely presenting his claim at all levels of state court review, and he still has an available state remedy to exhaust:

> Under Michigan Court Rules 6.500 et seq., a Michigan state defendant may file one post-conviction motion for relief from judgment in addition to a direct appeal as of right.  This "6.500 motion" is to be filed in the county circuit court and can be appealed to the Michigan Court of Appeals and the Michigan Supreme Court.  See M.C.R. 6.509.

*Wagner*, 581 F.3d at  414.

### III.  Conclusion

       For the reasons given above, Respondent's motion to dismiss (Dkt. #4) is **GRANTED**,

and the habeas petition is **DISMISSED** without prejudice.  The Court **DECLINES** to issue a certificate of appealability because reasonable jurists would not find it debatable whether the Court's procedural ruling is correct and whether the habeas petition states a valid claim of the denial of a constitutional right.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

                                        s/John Corbett O'Meara
                                        United States District Judge

Date:  February 2, 2010

      I hereby certify that on February 02, 2010, a copy of the foregoing document was served upon the counsel of record using the ECF system, and upon Nathaniel Ricardo Hynes at Saginaw Correctional Facility (SRF) 9625 Pierce Rd., Freeland, MI 48623 by first class U.S. mail.

                                        s/William Barkholz
                                        Case Manager